UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                          No. 01-4025

DEREK O. PENDELTON,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-00-248)

Submitted: January 30, 2002

Decided: February 25, 2002

Before WIDENER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

James E. Joyner, Forest Heights, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Steven M. Dettelbach, Assistant United States Attorney, James M. Trusty, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Derek Owen Pendelton was convicted by a jury of possession with intent to distribute cocaine base, 21 U.S.C.A. § 841 (West 1999 & Supp. 2001), felon in possession of a firearm, 18 U.S.C.A. § 922(g)(1) (West 2001), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C.A. § 924(c) (1994). Pendelton appeals his conviction. We affirm.

Pendelton asserts error in the district court's denial of his motion to suppress the fruits of an search pursuant to a search warrant that he claims was not supported by probable cause. The affidavit presented in support of the warrant application was supported by probable cause. The reliance of the requesting agent on information provided by a confidential informant was not misplaced, and the confidential informant's testimony at Pendelton's trial further supported the district court's finding that the magistrate judge had probable cause to issue the warrant. *Illinois v. Gates*, 462 U.S. 213, 236 (1983); *United States v. Han*, 74 F.3d 537, 539 (4th Cir. 1996).

Pendelton also contends on appeal that the district court erred in denying his motion for mistrial when evidence was admitted that he possessed a gun prior to the date of the charged criminal activity. "[E]vidence of uncharged conduct is not considered other crimes evidence if it arose out of the same . . . series of transactions as the charged offense, . . . or if it is necessary to complete the story of the crime (on) trial." *United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994) (internal quotation marks omitted). Further, "the mere fact that the evidence involved activities occurring before the charged time frame of the conspiracy does not automatically transform that evidence into 'other crimes' evidence." *Id.* Here, the testimony and statements at issue helped to explain the crime and rebutted the testimony of one of Pendelton's witnesses. The district court's denial of Pendelton's motion for a mistrial was not error.

Accordingly, we affirm Pendelton's convictions and sentence. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument will not aid in the decisional process.

*AFFIRMED*